# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **MICHAEL JAMES PRINE,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. CIV 09-203-JHP-KEW |
| | ) |
| **JANE STANDIFIRD, Warden,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This habeas corpus action pursuant to 28 U.S.C. § 2241 is before the court on the respondent's motion to dismiss petitioner's petition as barred by the statute of limitations. Petitioner, an inmate in the custody of the Oklahoma Department of Corrections who is incarcerated at John Lilley Correctional Center in Boley, Oklahoma, is challenging the administration of his sentences. He claims his sentence in Tulsa County Case No. CF-03-2907 should have run concurrently with his sentence in Delaware County Case No. CF-98-33.

The respondent alleges the petition was filed beyond the one-year statute of limitations imposed by the Antiterrorism and Effective Death Penalty Act of 1996, codified at 28 U.S.C. § 2244(d) (AEDPA). The following dates are pertinent to the motion to dismiss:

    11/20/1998    Petitioner was sentenced to a five-year deferred sentence for First Degree Manslaughter in Delaware County District Court Case No. CF-98-33.

    06/01/2000    Petitioner's deferred sentence in the Delaware County case was accelerated to a sentence of twenty years, with all but the first five years suspended.

01/03/2003  Petitioner discharged the five-year term and began serving his suspended term of fifteen years.

10/29/2003  Petitioner entered a guilty plea to Possession of a Controlled Drug in Tulsa County District Court Case No. CF-03-2907 and was sentenced to six year's imprisonment, to run concurrently with his Delaware County sentence.

06/10/2005  Petitioner's fifteen-year suspended sentence in the Delaware County case was revoked in full, and it was ordered to run concurrently with the Tulsa County sentence. He began serving time on the Delaware County conviction on this same date.

07/2005  The time sheet provided to petitioner by the Records Officer of the John Lilley Correctional Center notified petitioner of the number of days remaining on both his Delaware County and Tulsa County sentences.

08/31/2006  Petitioner discharged his Tulsa County sentence.

06/26/2008  Petitioner filed an application for order nunc pro tunc in Delaware County District Court Case No. CF-98-33, which was denied on January 7, 2009.

03/03/2009  The Oklahoma Court of Criminal Appeals affirmed the state district court's denial of relief. *Prine v. State*, No. PC-2008-1122 (Okla. Crim. App. Mar. 3, 2009).

05/18/2009  Petitioner filed this petition for a writ of habeas corpus.

The respondent alleges this habeas corpus action is time barred by 28 U.S.C. § 2244:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed,

> if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). The one-year limitations period also applies to § 2241 habeas corpus actions. *Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003).

Petitioner is complaining that his Delaware County sentence and his Tulsa County sentence did not run concurrently, and he contends the limitations period began on March 3, 2009, when the Oklahoma Court of Criminal Appeals affirmed the denial of post-conviction relief. The respondent maintains the limitations period began in July 2005--or at the latest August 31, 2005--when petitioner first was provided a DOC time sheet reflecting how many days remained for him to serve in both Delaware County Case No. CF-98-33 and Tulsa County Case No. CF-03-2907. According to an affidavit by Records Officer Mark Wattles, Mr. Wattles printed a time sheet for petitioner at the beginning of each month reflecting the time served, earned, and lost, as well as the month's net time on each sentence. Mr. Wattles received the Delaware County Judgment and Sentence on petitioner's revocation on July 12, 2005, so petitioner's July 2005 time sheet would have shown his remaining time to serve for each sentence.

The AEDPA requires a petitioner to apply for a writ of habeas corpus within one year

3

of "the date on which the factual predicate of the claim or claims presented could have been discovered though the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). While a properly filed state post-conviction or other collateral review will toll the limitations period, there is no statutory tolling for post-conviction proceedings initiated after the one-year deadline has passed. *See May v. Workman*, 339 F.3d 1236, 1237 (10th Cir. 2003) (citing 28 U.S.C. § 2244(d)(2)). Therefore, the one-year limitations period began in July or August 2005, when petitioner received his time sheet showing the remaining time on both his Delaware County and Tulsa County sentences.[1] Because petitioner did not initiate his post-conviction proceedings until June 26, 2008, after expiration of the limitations period, there is no statutory tolling.

While petitioner does not deny having received the institutional time sheet, he argues there is no evidence he understood the document. He also contends the time sheets are forwarded to the facility housing units for orderlies to distribute, but there is only a 50% chance that an inmate will receive his monthly time sheet in any given month. Finally, he complains that the time sheets frequently contain errors, but he does not assert there were mistakes in his. The court finds that none of petitioner's allegations warrants equitable tolling of § 2244(d)(1)'s one-year statute of limitations, which is available "only in rare and exceptional circumstances." *York v. Galetka*, 314 F.3d 522, 527 (10th Cir. 2003).

---

[1] The respondent asserts petitioner could have sought a writ of mandamus in the state courts, when he became aware of how his sentences were being administered.

**ACCORDINGLY,** respondent's motion to dismiss time barred petition [Docket #11] is GRANTED, and this action is, in all respects, DISMISSED.

**IT IS SO ORDERED** this  24th  day of November 2009.

/s/ James H. Payne
James H. Payne
United States District Judge
Eastern District of Oklahoma